UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN M. SKORVANEK, | ) | CASE NO. 1:07 CV 3467 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JAMES M. BURGE, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On November 7, 2007, plaintiff pro se John M. Skorvanek filed this in forma pauperis action against Attorney James M. Burge. The complaint alleges that Mr. Burge represented Mr. Skorvanek in a forfeiture proceeding in the Ohio Court of Common Pleas, and that Mr. Burge did not show up for a hearing, resulting in a default judgment. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

In Parratt v. Taylor, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."

An attorney does not act under color of state law for purposes of a 42 U.S.C. § 1983 action. Polk County v. Dodson, 454 U.S. 312 (1981); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976). Further, to the extent plaintiff seeks to bring a malpractice action, there is no indication that diversity of citizenship exists to establish jurisdiction in this court. 28 U.S.C. § 1332.

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). The dismissal is without prejudice to any valid state law claim plaintiff may have under the facts alleged. Further, the court certifies that an appeal from this decision could not be

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

taken in good faith.[2]

       IT IS SO ORDERED.


                                            S/Christopher A. Boyko
                                          CHRISTOPHER A. BOYKO
                                          UNITED STATES DISTRICT JUDGE

January 24, 2008

---

[2]     28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3